# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| MARY HEPFNER, Individually and on Behalf of All Others Similarly Situated, | Case No.: 17-cv-530 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| COLLECTO, INC. d/b/a EOS CCA, | **Jury Trial Demanded** |
| Defendant. | |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA") and the Wisconsin Consumer Act, Ch. 421-427, Wis. Stats.

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337 and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Mary Hepfner is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

5. Plaintiff is also a "customer" as defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(17), in that she engaged in consumer credit transactions. Wis. Stat. § 421.301(10).

6.      Defendant Collecto, Inc. ("EOS") is a foreign corporation with its principal place of business located at 700 Longwater Dr. Norwell, MA 02061. It does business under the fictitious or trade name "EOS CCA."

7.      EOS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

**FACTS**

8.      On or about June 8, 2016, EOS mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to EOS and originally owed to "Verizon Wireless" ("Verizon"). A copy of this letter is attached to this complaint as Exhibit A.

9.      The alleged debt identified in Exhibit A is an alleged cell phone services account, owed to Verizon, and used only for personal, family or household purposes.

10.     Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11.     Upon information and belief, Exhibit A is a form debt collection letter used by EOS to attempt to collect alleged debts.

12.     Exhibit A states the following:

| PRINCIPAL | INTEREST | FEES COLL. COSTS | BALANCE |
|---|---|---|---|
| $1,200.87 | $0.00 | $0.00 | $1,200.87 |
|  |  | TOTAL DUE: | $1,200.87 |

13.     Plaintiff disputes that she owes any debt of $1,200.87 or any other amount to Verizon.

14.     The abbreviation "COLL. COSTS" means "collection costs."

2

15. Although the amounts of "Fees" and "Coll. Costs" in Exhibit A are $0.00, the unsophisticated consumer interprets such references in collection letters letter as implying that there could be some unknown charges, including interest, collection costs or fees, added to the debt in future letters. *See, eg. Tylke v. Diversified Adjustment Serv.*, No. 14-cv-748; 2014 U.S. Dist. LEXIS 153281, *7 (E.D. Wis. Oct. 28, 2014) ("the inclusion of a collection fee, even one showing a balance of zero, could imply the future possibility of one.").

16. Upon information and belief, EOS does not actually add fees or collection costs to consumer collection accounts with Wisconsin addresses.

17. Further, EOS could not add any "fees" or collection costs to Plaintiff's account.

18. Plaintiff's phone service contract with Verizon was for services, specifically Verizon wireless phone services, and involved agreements to render services and defer payment, under which finance charges, including but not limited to early termination fees, were or could be imposed, and which obligation was payable in installments. Such agreements are "consumer credit transactions" under the WCA, Wis. Stat. §§ 421-427.

19. Wis. Stat. § 421.301(10) defines a "consumer credit transaction":

> a consumer transaction between a merchant and a customer in which real or personal property, services or money is acquired on credit and the customer's obligation is payable in installments or for which credit a finance charge is or may be imposed, whether such transaction is pursuant to an open-end credit plan or is a transaction involving other than open-end credit. The term includes consumer credit sales, consumer loans, consumer leases and transactions pursuant to open-end credit plans.

20. Plaintiff's phone contract was for "services," namely cell phone service.

21. Plaintiff's cell phone service contract was payable in installments.

22. Under a cell phone service contract, the consumer incurs an obligation to pay the entire amount of the contract monthly, over the contract's term.

3

23. For example, under a cell phone service plan labeled "$50 per month" with a 2-year term, the consumer is obligated to pay, at a minimum, $1,200.00. The payments are made in 24 monthly installments of $50 each.

24. Moreover, upon information and belief, Verizon contracts include fees, including but not limited to early termination fees, that are considered finance charges under Wisconsin law.

25. The WCA specifically prohibits the attachment of collection fees and other "default charges" on consumer credit transactions, even if the fee is separately negotiated. Wis. Stat. § 422.413(1) provides:

> no term of a writing evidencing a consumer credit transaction may provide for any charges as a result of default by the customer other than reasonable expenses incurred in the disposition of collateral and such other charges as are specifically authorized by chs. 421 to 427.

26. Neither Wis. Stat. § 422.202, entitled "Additional charges," nor any other section of the WCA, lists collection costs or fees as a permissible amount a creditor may charge in connection with a consumer credit transaction.

27. Because cell phone service contracts are consumer credit transactions, Exhibit A falsely states or implies that EOS has a right to add collection costs and fees to consumers' alleged cell phone service debts.

28. Even if a provision of any agreement between Plaintiff and Verizon for the provision of cell services would purport to permit Verizon to impose a collection fee, the WCA prohibits such fees. Wis. Stat. § 421.106(1) ("Except as otherwise provided in chs. 421 to 427, a customer may not waive or agree to forego rights or benefits under chs. 421 to 427."); *See also Lox v. CDA, Ltd.*, 689 F.3d. 818 (7th Cir. 2012) (false representation that attorney fees would be added when they could not be, violated 1692e).

29. There is also no explanation in the letter as to what the "Fees" or "Coll. Costs" are.

30. The unsophisticated consumer would be confused by the nebulous references in EOS's letter to "Fees" and "Coll. Costs" and would have no idea what those charges potentially could be, or whether they would be legitimate.

31. The only purpose of the "Interest," "Fees" or "Coll. Costs" lines in <u>Exhibit A</u> is to threaten the consumer that additional fees may be added to the debt if the consumer does not pay right away. It is about harassment. It is an attempt to receive payment from a debtor, perhaps at the expense of payment to another debt collector that is not using such false and deceptive tactics. Such conduct is an unfair and/or unconscionable method of collecting an alleged debt. *See Seeger v. AFNI, Inc.*, 548 F.3d 1107, 1112 (7th Cir. 2008) (collection fee on cellular telephone accounts was neither authorized by agreement of the parties nor permitted by law).

32. Prevention of unscrupulous debt collection practices such as this one is part of the very purpose of the FDCPA. 15 U.S.C. § 1692(e) (it is part of the purpose of the FDCPA "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged").

33. Plaintiff was confused by <u>Exhibit A</u>.

34. Plaintiff had to spend time and money investigating <u>Exhibit A</u>, and the consequences of any potential responses to <u>Exhibit A</u>.

35. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of <u>Exhibit A</u>.

36. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

37. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

38. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

39. 15 U.S.C. § 1692e(2) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt, or the "false representation of…compensation which may be lawfully received by any debt collector for the collection" of an alleged debt.

40. 15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

41. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt.

42. 15 U.S.C. § 1692f generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

43. 15 U.S.C. § 1692f(1) specifically prohibits the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

44. Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

45. Wis. Stat. § 427.104(1)(L) also specifically prohibits a debt collector from "[t]hreaten[ing] action against the customer unless like action is taken in regular course or is intended with respect to the particular debt."

## COUNT I – FDCPA

46. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

7

47. EOS's threat to collect "Fees" and "Coll. Costs" (i.e. collection costs) in <u>Exhibit A</u> is a false, deceptive, and/or misleading representation to the unsophisticated consumer recipient.

48. EOS has no legal basis for collecting collection costs or fees on Plaintiff's alleged cell phone service debt.

49. <u>Exhibit A</u> falsely represents that Defendant is lawfully entitled to collect a collection fee.

50. <u>Exhibit A</u> creates a false impression as to its authorization or approval for collecting a fee.

51. The unsophisticated consumer would be confused by the nebulous references in EOS's letter to "Fees" and "Coll. Costs" and would have no idea what those charges are, potentially could be, or whether they would be legitimate.

52. EOS does not actually add fees or collection costs to consumer accounts in Wisconsin. The purpose of the language is to imply that such charges could be added in the future.

53. EOS violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10).

## COUNT II -- FDCPA

54. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

55. EOS's threat to add a collection fee when neither EOS nor Verizon are entitled to such a fee, is an unfair and/or unconscionable method by which to try and collect an alleged debt.

56. As these statements are threatening and/or confusing to the unsophisticated consumer recipient so as to falsely imply that the creditor is entitled to receive a collection fee, they are an unfair and/or unconscionable method for attempting to collect a debt.

57. The unsophisticated consumer would be confused by the nebulous references in EOS's letter to "Fees" and "Coll. Costs" and would have no idea what those charges are, potentially could be, or whether they would be legitimate.

58. EOS violated 15 U.S.C. §§ 1692f, and 1692f(1).

## COUNT III -- WCA

59. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

60. Exhibit A claims, attempts, or threatens to enforce a right to collection costs and/or a collection fee, even though Defendant knew or should have had reason to know that no such right existed at the time the letters were sent.

61. Even though Exhibit A includes a form field for collection costs and fees, EOS does not actually charge collection costs or fees. The purpose of the language is to imply that such charges could be added in the future.

62. EOS violated Wis. Stat. §§ 427.104(1)(j) and 427.104(1)(L).

## CLASS ALLEGATIONS

63. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A or Exhibit B to the complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) between April 13, 2016 and April 13, 2017, inclusive, (e) that was not returned by the postal service.

64. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

65. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e and 1692f.

66. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

67. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

68. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

69. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: April 13, 2017

**ADEMI & O'REILLY, LLP**

By: /S/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com